# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of the Complaint of HORNBLOWER FLEET, LLC, HORNBLOWER YACHTS, LLC, and HORNBLOWER CRUISES AND EVENTS,<br><br>Plaintiffs/Petitioners,<br><br>_____<br><br>AND RELATED CROSS-ACTIONS. | CASE NO. 16cv2468 JM(JMA)<br><br>ORDER DENYING CLAIMANTS' MOTION TO DISMISS; COMPELLING PLAINTIFFS TO POST A BOND |

Claimants Ana Helvie, Kyle Helvie, and Susan Pendergast ("Claimants") move to dismiss Petitioners' Limitation of Liability action or, alternatively, to require Plaintiffs to post a bond. Petitioners Hornblower Fleet, LLC, Hornblower Yachts, LLC, and Hornblower Cruises and Events (collectively "Hornblower") oppose the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court denies the motion to dismiss as moot and instructs Plaintiffs to post an appropriate bond acceptable to the Clerk of Court in the amount of $4,270,549.20, with interest at six percent per annum from the date of commencement of this action. Plaintiffs shall deposit the bond within 21 days of entry of this order.

**BACKGROUND**

On September 30, 2016, Plaintiffs commenced this action seeking to limit their liability pursuant to the Limitation of Liability Act ("LOLA"), 46 U.S.C. §30501 et seq. On March 31, 2016, one of Plaintiffs' vessels, the M/V Adventure Hornblower, allided with a pier in San Diego Harbor when the directional control system malfunctioned. The vessel was returning from a whale-watching cruise when the vessel allided with the pier, causing injuries to some passengers. Claimants, and eight other individuals, filed claims in this action, seeking compensation for their injuries.

On March 30, 2016, Claimants reserved and purchased four tickets from Plaintiffs for the next day's whale-watching tour. The ticket did not identify the name of the vessel and allowed Plaintiffs "the sole right to choose any vessel in its fleet for the whale watching tour on March 31, 2016." (Helvie Decl.). Claimant Ms. Helvie represents that she suffered a spinal injury, underwent extensive back surgery and incurred in excess of $467,000 in medical bills. Claimant Ms. Pendergast represents she suffered an injury to her spine, underwent spinal surgery, and incurred about $200,000 in medical expenses.

On December 13, 2016, upon application of Plaintiffs, the court entered an Order Directing Issuance of Monition and Injunction; Issuing Notice; and Approving Ad Interim Stipulation for Value [$4,270,549.20] ("Order"). Plaintiffs provided publication notice, as well as direct mail service to potential claimants. On April 12, 2017, the Clerk of Court entered default against all potential claimants who failed to timely file a claim pursuant to the Order. On July 19, 2017, the court vacated default against claimant Dana McCoy, permitting her to file a claim. To date, 11 individuals have filed claims.

**DISCUSSION**

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir.

1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, __550 U.S. __, 127 S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. at 1949.  Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  The defect must appear on the face of the complaint itself.  Thus, courts may not consider extraneous material in testing its legal adequacy.  Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however, consider material properly submitted as part of the complaint.  Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff.  Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996).  Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them.  Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).  However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion.  In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion to Dismiss**

Claimants move to dismiss this LOLA action for failure to post a bond under Supplemental Rule F(1) or, alternatively, to have Plaintiffs post an appropriate bond. The court denies the motion to dismiss as moot because, pursuant to Supplemental Rule

F(1), the court instructs Plaintiffs to file an appropriate bond acceptable to the Clerk of Court in the amount of $4,270,549.20, including interest at a rate of six percent per annum calculated from the date of commencement of this action (September 30, 2016). Plaintiffs shall file the bond within 21 days of entry of this order.

**The Flotilla Doctrine**

Claimants contend the amount of the bond should be increased to include the value of all seven of Plaintiffs' vessels operating in the San Diego area under the so-called flotilla doctrine. This argument is not persuasive.

While the Ninth Circuit has yet to adopt a specific test for application of the flotilla doctrine, federal courts have applied two different tests. Under the flotilla doctrine, the value of the limitation fund is increased to include the value of all vessels engaged in the same common enterprise or common venture as the vessel aboard which the injury was sustained. See Sacramento Navigation Co v. Salz, 273 U.S. 326, 332 (1927) (concluding that the vessel owner's liability for the lost cargo included both the barge involved in the collision and the attendant steamer because both vessels were needed for the execution of the relevant shipping contract). The first test requires all vessels to be (1) owned by the same person, (2) engaged in a common enterprise, and (3) under a single command. See e.g., Cenac Towing Co. v. Terra Resources, 734 F.2d 251, 254 (5th Cir. 1984). Under the second test, all vessels that are necessary to the performance of the relevant contract are considered to be engaged in a common venture with the offending vessel, thereby triggering the flotilla doctrine. See, e.g., United States Dredging Corp. v. Krohmer, 264 F.2d 339, 341 (2d Cir.), cert. denied, 360 U.S. 932 (1959); 2 Admiralty & Mar. Law § 15-7 (5th ed. 2016)); Matter of C and C Boats, Inc., 2014 WL 12567148 (N.D. Cal. July 3, 2014).

Under either test, Claimants fail to establish that the seven vessels comprising Plaintiffs' fleet in San Diego Harbor were engaged in a single enterprise at the time of Claimants' injuries. Plaintiffs were on a whale-watching cruise aboard the M/V Adventure Hornblower. The cruise was independent from the cruises offered by the

other vessels operated by Plaintiffs.  While Plaintiffs' other vessels also provided whale-watching cruises, the cruises did not operate as a unit in a common enterprise. Accordingly, the flotilla doctrine does not apply under the circumstances and the limitation amount calculated based only upon the value of the M/V/ Adventure Hornblower.

In sum, the court denies the motion to dismiss and requires Plaintiffs to post an appropriate bond acceptable to the Clerk of Court in the amount of $4,270,549.20, including interest at a rate of six percent per annum calculated from the date of commencement of this action (September 30, 2016).  Plaintiffs shall file the bond within 21 days of entry of this order.

**IT IS SO ORDERED.**

DATED:  October 23, 2017

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties