UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of the Complaint of HORNBLOWER FLEET, LLC owner, and HORNBLOWER YACHTS, LLC dba HORNBLOWER CRUISES AND EVENTS, owner pro hac vice for exoneration of, or limitation of, liability,<br><br>                                    Plaintiffs,<br><br>and Related Claims. | Case No.:  16CV2468-JM-LL<br><br>**ORDER DENYING CLAIMANTS' MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[ECF No. 200]** |

Currently before the Court is Claimants Ana Helvie and Kyle Helvie's ("Helvie Claimants") Motion for Determination of Discovery Dispute [ECF No. 200 ("Mot.")], Plaintiffs Hornblower Fleet, LLC and Hornblower Yachts, LLC's Opposition to Claimants' Motion [ECF No. 204 ("Opp.")], and the Helvie Claimants' Reply [ECF No. 211 ("Reply")].

For the reasons set forth below, the Court **DENIES** the Helvie Claimants' Motion for Determination of Discovery Dispute.

///

///

# RELEVANT BACKGROUND

The instant dispute arises from the Helvie Claimants' "Fourth Request for Production."

In their Motion, the Helvie Claimants allege that "[o]n or about October 18, 2018" they served their "Fourth Request for Production" on Plaintiffs. Mot. at 2. The "Fourth Request for Production" contained requests "related to Plaintiff's financial condition" including "requests for documents such as balance sheets, ledgers, accounts, income statements, and the like." Id. at 5. The Helvie Claimants allege this discovery is "relevant and necessary for this case because Claimants need to discover Plaintiffs financial condition in advance of trial and establish that Plaintiffs can withstand a judgment that includes punitive damages." Id. The Helvie Claimants allege Plaintiffs "never responded, objected, or moved for a protective order" to their "Fourth Request for Production." Id. at 2. Instead, the Helvie Claimants allege that "[d]uring the Court's Motion Conference on December 13, 2018, Plaintiffs alleged that they did respond but could not provide proof of service for their responses." Id.

In their Opposition, Plaintiffs argue the Helvie Claimants served a first iteration of their "Fourth Request for Production" on May 4, 2018. Opp, Ex. 1. Plaintiff's responded to this first iteration on June 4, 2018. Opp., Ex. 2. Plaintiffs allege the Helvie Claimants subsequently served a second iteration of their "Fourth Request for Production" on October 19, 2018. Opp., Ex. 3. Plaintiffs argue the second iteration of the Helvie Claimants' "Fourth Request for Production" was untimely, because Plaintiffs' responses would have been due after the fact discovery deadline. Opp. at 4-6.

In their Reply, the Helvie Claimants concede that prior to their October 19, 2018 "Fourth Request for Production," they "propounded similar requests for production in June 2018." Id. at 2. With respect to their October 19, 2018 "Fourth Request for Production," the Helvie Claimants argue that while Plaintiffs' argument is "essentially" that the "discovery was filed two days late vis a vis the discovery deadline[,]" the fact discovery deadline should nevertheless be "retroactively continued in the present matter until

2

November 19, 2018[.]" Id. at 2, 5. In support, the Helvie Claimants argue they were "diligent at attempting to obtain the records" sought by the Fourth Request "for months" and were "forced" to serve this discovery only after Plaintiffs "cancelled" a noticed deposition of an employee who "Claimants believed would have information concerning the sales and financial information of Hornblower[.]" Id. at 2-4.

On December 13, 2018, counsel for the Parties in the action contacted the Court for the first time regarding the Helvie Claimants' request to file a Motion to Compel. ECF No. 197. On December 14, 2018, the Court issued a briefing schedule. Id. In accordance with the schedule, the Helvie Claimants and Plaintiffs filed a motion, opposition, and reply. See ECF Nos. 200, 204 and 211. On January 2, 2019, Claimant Susan Pendergast filed a joinder to the Helvie Claimants' motion. ECF No. 202.

## ANALYSIS

### 1. The Second Iteration Of The Helvie Claimants' "Fourth Request for Production" Was Untimely

The discovery cutoff in this matter was November 16, 2018. ECF No. 153 at 1. Under the Court's Scheduling Order, "all discovery under Rules 30-36 of the Federal Rules of Civil Procedure . . . must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date[.]" ECF No. 96 at 1-2 (emphasis in original).

The second iteration of the Helvie Claimants' "Fourth Request for Production" was served on October 19, 2018. Opp., Ex. 1. Under Federal Rules of Civil Procedure 34, the deadline for Plaintiffs to respond was November 19, 2018, which fell after the fact discovery deadline. Under the Court's Scheduling Order, the second iteration of the Helvie Claimants' "Fourth Request for Production" was therefore untimely. See Walters v. Target Corp., 2018 U.S. Dist. LEXIS 192348, at *3 (S.D. Cal. Nov. 9, 2018) (denying motion to compel responses to requests for admission that were served two days late, holding that "[c]lose enough is not good enough."). See also Brown v. Deputy #1, 2014 U.S. Dist.

3

LEXIS 27713, at *21 (S.D. Cal. Mar. 4, 2014) (quashing subpoenas where responses would have been due on date falling after discovery deadline).

## 2. The Helvie Claimants Have Not Shown Good Cause To Retroactively Modify The Scheduling Order

The Helvie Claimants argue the fact discovery deadline in this case should be "retroactively continued" until "November 19, 2018" thereby making their "Fourth Request for Production" timely. Reply at 5. Under the Court's Scheduling Order, the deadline to complete fact discovery "will not be modified except for good cause shown." ECF No. 96 at 4. The standard for good cause "primarily considers the diligence of the party seeking the modification." See Walters, 2018 U.S. Dist. LEXIS 192348, at *3 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

In support of their request, the Helvie Claimants argue that: (1) "Claimants attempted for several months to work with Hornblower and come to an agreement without involving the Court"; (2) "[i]t became clear to Claimants that no agreement between Hornblower and claimants would be had"; and (3) "Claimants were forced to serve discovery" after Plaintiffs "unilaterally" cancelled the deposition of one of Plaintiffs' employees on October 17, which the Helvie Claimants allege was done "in an attempt to avoid discovery on the matters contained in the fourth request for production." Reply at 3-4.

The Helvie Claimants' explanations do not justify their lengthy delay in raising this matter before the Court or their belated request—made for the first time in their Reply— to extend the fact discovery deadline almost two months after the deadline already passed.

In their Reply, the Helvie Claimants concede they propounded "similar requests" to their October 19, 2018 "Fourth Request for Production" in June and allege Plaintiffs

4

"provided no responsive document[s]." Reply at 2.[1] The Helvie Claimants also concede that after meet and confer sessions, "[i]t became clear to Claimants that no agreement between Hornblower and claimants would be had[.]" Id. at 2. At this point, the Helvie Claimants were aware of an ongoing discovery dispute between the Parties that had purportedly reached an impasse, but nevertheless failed to bring this matter to the Court's attention.

At the time the dispute arose, Judge Adler's Chamber Rules required discovery disputes to be submitted "within 45 days of the date upon which the event given rise to the dispute occurred" and that "[f]or written discovery, the event given rise to the discovery dispute is the service of the response." Magistrate Judge Adler's Civil Chamber Rules, Case Management and Discovery Disputes, Rule C.

Instead of abiding by this deadline, the Helvie Claimants allege they waited to determine whether they could obtain the requested information from one of Plaintiffs' witnesses at a deposition. Reply at 2-3. According to the Helvie Claimants, Plaintiffs then "cancelled the deposition unilaterally" on October 17. Reply at 3. Despite their awareness of the Parties' dispute and Judge Adler's Chamber Rules, the Helvie Claimants again failed to raise this matter before the Court.

The Helvie Claimants argue instead that they were "forced to serve" a second iteration of their "Fourth Request for Production" as a result of Plaintiffs canceling this deposition. Reply at 4. The second iteration of the Helvie Claimants "Fourth Request for Production," if timely, would have been due on November 19. Yet the Helvie Claimants did not raise this matter to the Court's attention until December 13 and did not request a retroactive modification of the scheduling order until their January 11, 2019 Reply. See ECF Nos. 197 and 211.

---

[1] The certificate of service attached to Plaintiffs' Opposition indicates the first iteration of the Helvie Claimants' "Fourth Request for Production" was actually served on May 4, 2018. Opp, Ex. 1.

Here, the Helvie Claimants' lack of diligence precludes a finding of good cause to modify the Court's Scheduling Order.  See Joe Hand Promotions, Inc. v. Kurti, 2015 U.S. Dist. LEXIS 165164, at *7-8 (S.D. Cal. Dec. 9, 2015) (defendants were not diligent by waiting until after the discovery cutoff to raise discovery dispute with the court thereby precluding finding of good cause to modify scheduling order). See also In re Ameranth Cases, 2018 U.S. Dist. LEXIS 61753, at *17-18 (S.D. Cal. Apr. 11, 2018) (declining to consider discovery dispute filed after deadline set in Chamber Rules, noting that requesting supplementation to older discovery requests does not "restart" the clock on when discovery disputes must be raised).

## CONCLUSION

For the above reasons, the Court **DENIES** the Helvie Claimants' Motion for Determination of Discovery Dispute.

**IT IS SO ORDERED.**

Dated:  January 16, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge