UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of the Complaint of HORNBLOWER FLEET, LLC owner, and HORNBLOWER YACHTS, LLC dba HORNBLOWER CRUISES AND EVENTS, owner pro hac vice for exoneration of, or limitation of, liability,<br><br>Plaintiffs,<br><br>and Related Claims. | Case No.: 16CV2468 JM-LL<br><br>**AMENDED ORDER REGARDING SPOLIATION SANCTIONS**<br><br>**[ECF No. 231]** |

Currently before the Court is Claimants Ana Helvie and Kyle Helvie's ("Helvie Claimants") "Motion to Identify Spoliation Sanctions" [ECF No. 231] ("Mot."), Plaintiffs Hornblower Fleet, LLC and Hornblower Yachts, LLC's Response [ECF No. 234] ("Opp."), and Claimant Susan Pendergast's Joinder to the Helvie Claimants' Motion [ECF No. 233]. For the reasons set forth below, the Court **AMENDS** its December 11, 2018 Order [ECF No. 194] granting in part the Helvie Claimants' Motion for Sanctions for Spoliation of Tangible Physical Evidence as follows.

## RELEVANT BACKGROUND

On December 11, 2018, the Court issued an Order granting in part the Helvie Claimants' Motion for Sanctions for Spoliation of Tangible Physical Evidence. ECF No.

194. As set forth in the Court's Order, the Court found that the Helvie Claimants' had demonstrated the three factors supporting a finding of spoliation and an adverse inference instruction. Id. at 14. The Court ordered that a mandatory presumption jury instruction be imposed as an appropriate sanction considering Plaintiffs' level of culpability. Id. at 14-16. In so doing, the Court explicitly rejected the Helvie Claimants' request that the Court impose an evidentiary sanction:

> [F]orbidding Hornblower from introducing evidence or testimony at trial that suggests or indicates in any way that the transmission, its parts, oil, and/or appurtenances were in good or adequate condition; did not have indications of use, wear, tear, damage or other abnormalities; and that any evidence or testimony indicating or designed or developed to suggest the spoliated evidence was not a cause of, nor provide evidence contrary to the assertion that the transmission, its parts, oil, etc. was a cause of this incident be excluded and that this Court grant any and all relief to which Helvie may be justly entitled.

ECF No. 194 at 15 (quoting ECF No. 178 at 19). The Court found the exact wording of the mandatory presumption instruction would be more appropriately determined at trial. Id. at 16.

In reaching this conclusion, the Court did not account for the fact that liability in this case will be tried first in a bench trial before the Honorable Jeffrey T. Miller. See ECF No. 231 at 7; 234 at 4-5. For these reasons, at Judge Miller's direction, the Court issued an order requesting that the Parties address what sanctions (if any) were appropriate to impose under the Court's December 11, 2018 Order: (1) during the limitation of liability proceeding; and (2) during a second phase if the case were to proceed forward on damages and any non-admiralty claims.[1] See ECF No. 228.

---

[1] The Parties dispute whether there are any non-admiralty claims in this case. See ECF Nos. 223 and 227.

# ANALYSIS

## I. Appropriate Sanctions in the Limitation of Liability Phase

Plaintiffs filed the instant matter pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 et. seq. ("Limitation Act."). See ECF No. 1. The Limitation Act "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 446 (2001).

Under the Limitation Act, the claimant must establish "what act or condition caused the loss." W. Pioneer, Inc. v. Int'l Specialty, Inc. (In re Bowfin M/V), 339 F.3d 1137, 1138 (9th Cir. 2003). Next, the shipowner "has the burden of proving that the act or condition was outside its privity or knowledge." Id. If the shipowner meets this burden, "the owner's liability is limited to the value of the ship." In re: Santa Maria Fishing Inc., 2015 U.S. Dist. LEXIS 183224, at *4 (C.D. Cal. July 2, 2015) (internal quotations omitted).

The Parties agree this phase of the proceeding is set before Judge Miller in a bench trial. See ECF No. 231 at 7; 234 at 4-5. In this phase, the Helvie Claimants propose a variety of sanctions, including that: (1) the Court issue an order that evidence based on the spoliated parts is "not sufficient (on its own)" to support a finding that the allision was not caused by issues in the M/V ADVENTURE HORNBLOWER's transmission; (2) that the spoliated parts not be used or considered to rebut the Helvie Claimants' proposed findings of fact concerning the transmission; (3) that evidence on the spoliated parts should have only "slight" or "suspect" weight in supporting a finding that the transmission was not a cause of the allision or in rebutting the Helvie Claimants' proposed findings of fact; or (4) that Plaintiffs should be barred from having its experts or other witnesses rebut a presumption that the spoliated evidence would be unfavorable to Plaintiffs' defenses. Mot. at 9-10.

The Helvie Claimants' proposed sanctions mirror their original request for harsher evidentiary sanctions—an argument this Court already rejected. ECF No. 194 at 11-12,

15-16.[2] The Court notes its order was not an invitation for the Parties to re-litigate the merits of the Helvie Claimants' original Motion for Sanctions.

Instead, the Court finds that although a mandatory presumption jury instruction is not appropriate, a rebuttable inference may still be drawn by the District Judge. See Perez v. United States Postal Serv., 2014 U.S. Dist. LEXIS 184993, at *1-2 (W.D. Wash. Sep. 3, 2014) (vacating adverse inference jury instruction and clarifying that court would draw rebuttable inference during bench trial). See also Favors v. Fisher, 13 F.3d 1235, 1238-39 (8th Cir. 1994) (noting District Court's application in a bench trial of a rebuttable presumption regarding destroyed documents).

For these reasons, the Court hereby **AMENDS** its December 11, 2018 Order as follows:

1. The Court **VACATES** the sections of its December 11, 2018 Order imposing a mandatory presumption jury instruction as it applies to the limitation of liability phase of these proceedings;

---

[2] The Court is also not convinced by the Helvie Claimants' citation to the Fire Ins. Exch. v. Zenith Radio Corp., 103 Nev. 648 (1987) case. In the Zenith case, appellant Fire Insurance Exchange insured a home that caught fire. Id. at 649. Appellant's property claims expert and fire cause and origin expert both concluded that the fire originated inside a television set and appellant took no steps to preserve this set. Id. Under these circumstances, the Nevada Supreme Court upheld the state court's order excluding the testimony of appellant's expert. Id. at 650.

In contrast, here, as already noted in the Court's order, Plaintiffs set forth evidence that their failure to preserve the transmission parts was based on their conclusion from third-party investigations that the transmission was not the cause of the allision at the time of the overhaul. ECF No. 194 at 11 (citing ECF No. 182 at 7, 12). As the Court noted, there was no indication that Plaintiffs' failure to retain these parts was in bad faith, and the Court's imposition of a mandatory presumption instruction was based in part on Plaintiffs' level of culpability in failing to preserve the missing parts. See ECF No. 194 at 11-12, 14-16.

2. The Court **AMENDS** its Order and **RECOMMENDS** that Judge Miller, in deciding the initial issue of liability, draw an inference that the transmission parts and transmission oil lost as a result of Plaintiffs' failure to preserve would have been adverse to Plaintiffs' theories that the allision was not caused by issues with the M/V ADVENTURE HORNBLOWER's transmission.

The Court's recommendation is limited to the transmission parts and oil that were the subject of the Helvie Claimants' original Motion for Sanctions. See ECF No. 178. Specifically, the Court's recommendation is limited to: (1) the transmission parts replaced in the June 2016 overhaul that were placed in a crate and lost; and (2) the oil that was drained out of the transmission during this overhaul.

3. The Court further **RECOMMENDS** that this inference be rebuttable and that Judge Miller allow Plaintiffs to present evidence to support Plaintiffs' argument that the allision was not caused by issues with the M/V ADVENTURE HORNBLOWER's transmission.

## II. Appropriate Sanctions in the Non-Admiralty/Damages Phase

If Judge Miller determines during the limitation of liability phase that Plaintiffs caused the allision at issue, the case will proceed to a second phase directed to the Helvie Claimants' non-admiralty claims (if any) and damages. The Court has not yet determined whether this phase of the trial will proceed before the District Judge in a bench trial, before a jury in Federal Court, or before a jury in state court.

In their Motion, the Helvie Claimants request that the Court: (1) impose a mandatory presumption jury instruction on spoliation; and (2) impose an order forbidding Plaintiffs from using their witnesses or expert witnesses to rebut such a presumption in this second phase. Mot. at 10-11.

In their Opposition, Plaintiffs argue that in this second phase, "the issue of liability will have already been determined and the consequences of spoliation will no longer be at issue." Opp. at 5. Similarly, the Helvie Claimants appear to concede Judge Miller has already ordered that any determinations of liability and negligence in the first phase will

5

be binding in the second phase pursuant to collateral estoppel principles and would accordingly "impact and apply to evidence regarding causation, and punitive damages." Mot. at 7.

Based on the above, the Court finds if the case were to proceed into a second phase in Federal court, the issue of liability will have already been decided by Judge Miller in the first phase. Accordingly, it is not clear what impact (if any) the spoliated evidence would have on issues to be decided in the second phase that would not have already been decided by Judge Miller in the first phase. The Helvie Claimants' conclusory statement that evidentiary sanctions "should still be adhered to" in this second phase does not demonstrate how spoliation sanctions are actually applicable.

For these reasons, the Court finds that neither a mandatory presumption jury instruction nor an order prohibiting Plaintiffs from rebutting this presumption is appropriate in this second phase.

For these reasons, the Court hereby **AMENDS** its December 11, 2018 Order as follows:

1. The Court **VACATES** the sections of its December 11, 2018 Order imposing a mandatory presumption jury instruction as it applies to this second phase of the proceedings.

**IT IS SO ORDERED.**

Dated: April 5, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge